[No. 20083-6-I.   Division One.   June 19, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. SHARON ELLIOTT, *Appellant.*

*Lenell Nussbaum* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jeanne E. Tweten, Deputy,* for respondent.

WEBSTER, J.—Sharon Elliott appeals her conviction on two counts of promoting prostitution in the second degree, one for each of two prostitutes she employed. She raises three issues: (1) whether her right to equal protection was violated because promoting prostitution, a felony, is identical to aiding and abetting prostitution, a misdemeanor; (2) whether the State improperly split its charge into two separate counts, one for each employee, thereby increasing Elliott's offender score and the length of her sentence; and (3) if the separate charges were proper, whether she was denied a unanimous jury verdict. We affirm.

### FACTS

Elliott operated an escort service out of her home between 1983 and 1985. She hired the first of two women in

November 1983, and dispatched the woman approximately 20 times per month. The woman engaged in sexual intercourse on about one–half of these calls, which Elliott knew because the employee informed her of the sex acts performed. On one occasion, Elliott became upset because the woman refused to perform oral sex for a client.

Six months after the first woman started working as an escort, she began answering Elliott's business telephones. Elliott instructed the employee not to discuss sex on the phones and not to dispatch escorts to police officers. Elliott feared that otherwise the police would discover that her escort service was, in the words of the employee, a "cover" for prostitution.

Elliott changed her residence on December 17, 1984, but otherwise, her business remained the same. The first woman made her last call as an escort in January 1985. At this time, Elliott hired a second woman. She occasionally had sex with Elliott's customers until she was arrested in February 13, 1985, for offering sex to an undercover police officer.

The State charged Elliott with two counts, the first reflecting her employment of the first woman as an escort from December 12, 1983, to December 12, 1984, the second covering her employment of the second woman from January 14, 1985, to February 14, 1985. Both women testified regarding the scope of their employment and the fact that they engaged in prostitution as part of it.

At the close of the State's case in chief, Elliott argued unsuccessfully that both counts violated equal protection. She relied on case law which holds that the State may not charge a defendant under a felony statute when another statute defines the same conduct as a misdemeanor. She noted that promoting prostitution, a felony, is the same as accomplice liability to prostitution, a misdemeanor. As an alternative to dismissal, Elliott requested instructions on accomplice liability, but the court refused.

The court instructed the jury separately on each felony count, referring to the two employees and the two time

periods charged, and cautioning the jury not to let its decision on one count control its decision on the other. The jury found Elliott guilty on both counts, and the court treated each as criminal history for the other, sentencing Elliott to 5 months, the presumptive sentence under the sentencing reform act based on an offender score of one. *See* RCW 9.94A.400(1)(a), 9.94A.310–.320, former 9.94A.330, 9.94A-.350, 9.94A.360(7).

## EQUAL PROTECTION

Elliott says she was denied equal protection by being charged with promoting prostitution, a felony, because the same conduct satisfies the definition of accomplice liability, a misdemeanor.

In *State v. Cann,* 92 Wn.2d 193, 595 P.2d 912 (1979), our Supreme Court rejected a similar argument. The court upheld a charge of promoting prostitution, although the felony conduct of "advancing prostitution" also established criminal solicitation of prostitution, a misdemeanor. The court ruled that criminal solicitation is a "general" offense that in the case of prostitution is superseded by the definition of promoting prostitution.

> RCW 9A.28.030 is a general statute covering solicitation, while RCW 9A.88.080 is a special statute, punishing conduct designed to institute, aid, or facilitate prostitution, including solicitation for such purposes. The rule is that where general and special laws are concurrent, the special law applies to the subject matter contemplated by it to the exclusion of the general.

*Cann,* at 197. One who "advances" prostitution in violation of RCW 9A.88.080(1)(b) is arguably an accomplice to prostitution under RCW 9A.08.020(3) and RCW 9A.88.030. However, RCW 9A.88.080(1)(b) is "special," and RCW 9A.08.020(3), defining accomplice liability, is "general." The special statute applies to the exclusion of the general. Thus, there was no denial of equal protection, and the trial court did not err in refusing to instruct the jury on accomplice liability.

We affirm.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

PEKELIS and WINSOR, JJ., concur.

Review granted at 113 Wn.2d 1006 (1989).