196 P.3d 1083 (2008)
STATE of Washington, Respondent,
v.
Michael J. MONTEJANO, Appellant.
No. 26805-5-III.
Court of Appeals of Washington, Division 3.
December 11, 2008.
David L. Donnan, Oliver Ross Davis, Washington Appellate Project, Seattle, WA, for Appellant.
Carole Louise Highland, Teresa Jeanne Chen, Grant County Prosecutor's Office, Ephrata, WA, for Respondent.
SCHULTHEIS, C.J.
¶ 1 The felony riot statute provides, "A person is guilty ... if, acting with three or more other persons, he or she knowingly and unlawfully uses or threatens to use force, or in any way participates in the use of such force, against any other person or against property" and "the actor is armed with a deadly weapon." RCW 9A.84.010(1), (2)(b). The sole issue on appeal is whether the crime can be committed by complicity under RCW 9A.08.020 when the accused was not armed and did not know that the other participants were armed. We conclude that, because the riot statute defines the nature and extent of accomplice liability and the defendant in this case was not himself armed, he cannot be convicted of felony riot. We therefore reverse and remand.

FACTS
¶ 2 Michael Montejano was charged with "Riot  While Armed  by Complicity" pursuant to RCW 9A.84.010(2)(b) (riot statute) and RCW 9A.08.020 (accomplice liability statute). Clerk's Papers at 10. The charge arose from an incident on November 28, 2007 in which Mr. Montejano and four or five other juvenile males confronted and threatened to assault *1084 some women and their friends on the streets of Moses Lake, Washington.
¶ 3 At his adjudication hearing, the judge found that Mr. Montejano was not armed and did not know that other participants of his group were armed. He was adjudicated guilty. The juvenile court imposed 52-65 weeks at the Juvenile Rehabilitation Administration. Mr. Montejano appealed the adjudication of guilt and moved for accelerated review. A commissioner of this court ruled that, because the case involved a statutory interpretation issue of first impression, it should be decided by a three-judge panel.

ANALYSIS
¶ 4 Because this case involves statutory interpretation and application to undisputed facts, our review is de novo. State v. Jackson, 91 Wash.App. 488, 491, 957 P.2d 1270 (1998).
¶ 5 A statute must be construed so that no word, clause, or sentence is superfluous or insignificant. State v. Thomas, 121 Wash.2d 504, 512, 851 P.2d 673 (1993). When the language of a rule is clear, a court cannot construe it contrary to its plain statement. Id. The primary objective of any statutory construction inquiry is "to ascertain and carry out the intent of the Legislature." Rozner v. City of Bellevue, 116 Wash.2d 342, 347, 804 P.2d 24 (1991).
¶ 6 The riot statute provides:
A person is guilty of the crime of riot if, acting with three or more other persons, he or she knowingly and unlawfully uses or threatens to use force, or in any way participates in the use of such force, against any other person or against property.
RCW 9A.84.010(1) (emphasis added).
¶ 7 The offense is a misdemeanor unless "the actor is armed with a deadly weapon," which elevates the crime to a class C felony. RCW 9A.84.010(2) (emphasis added).
¶ 8 Mr. Montejano asserts that because felony riot requires that the defendant be armed with a deadly weapon, he cannot be adjudicated guilty of felony riot by complicity. We agree.
¶ 9 It is clear from the plain language of the statute that guilt for riot is predicated on group conduct  "[a] person ... acting with three or more other persons"  which is a felony if "the actor is armed with a deadly weapon." RCW 9A.84.010(1), (2)(b). In this context, "the actor" with a deadly weapon refers to "[a] person ... acting" to commit the crime. RCW 9A.84.010(2)(b), (1). The statute further distinguishes "[a] person ... acting" from the "other persons."[1] RCW 9A.84.010(1). It is plain that, in the context of this statute, the term "actor" refers to the accused. For the commission of a felony, the accused must be the one with the deadly weapon.
¶ 10 The statutory requirement that the accused be armed for a felony riot conviction is also reflected in our pattern to-convict instruction. According to the instruction, in order to convict on felony riot, the State must prove that "the defendant was armed with a deadly weapon." 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 126.02, at 323 (2d ed.1994) (emphasis added). The comment section goes on to state: "If the defendant was armed with a deadly weapon, riot is a class C felony; otherwise it is a gross misdemeanor. Being so armed is an element of the felony offense." Id. cmt. at 324 (emphasis added).
¶ 11 The State argues that the terms "person" or "actor" as used in the statute mean the same thing. RCW 9A.84.010(1), (2). This interpretation is contrary to the rule that different language should not be read to mean the same thing. Densley v. Dep't of Retirement Sys., 162 Wash.2d 210, 219, 173 P.3d 885 (2007). Instead, "[w]hen the legislature uses two different terms in the same statute, courts presume the legislature intends the terms to have different meanings." *1085 Id. (citing Koenig v. City of Des Moines, 158 Wash.2d 173, 182, 142 P.3d 162 (2006)).
¶ 12 The State also argues that the use of the term "actor" in the statute is to differentiate actors from spectators. RCW 9A.84.010(2). It points out that older statutes punished the participants in a riot as well as persons who were merely present.[2] Former RCW 9.27.050 (LAWS OF 1909, ch. 249, § 297), repealed by LAWS OF 1975, 1st Ex.Sess., ch. 260, § 9A.92.010. The former statute was subsequently interpreted to require proof of some act by the defendant to show his or her participation or at least his or her willingness to assist the rioters. State v. Moe, 174 Wash. 303, 305-06, 24 P.2d 638 (1933). The use of the term "actor" in the current statute requires no differentiation from spectators because spectators have not been punished for rioting since 1933. Moreover, the former statute did not use the term "actor" when considering the levels of punishment for the different degrees of participation. Former RCW 9.27.050.
¶ 13 The State goes on to assert its construction of the statute is supported by the fact that in these older statutes complicity in a riot was punished more harshly than was participating in acts of force or violence. The State misreads the statutes.
¶ 14 The base offense for rioting was formerly punished as a misdemeanor, i.e., a year in jail and fine of $1,000. Former RCW 9.27.050(3). Rioting included:
Whenever three or more persons, having assembled for any purpose, shall disturb the public peace by using force or violence to any person, or to property, or shall threaten or attempt to commit such disturbance, or to do any unlawful act by the use of force or violence, accompanied with the power of immediate execution of such threat or attempt.
Former RCW 9.27.040 (LAWS OF 1909, ch. 249, § 296), repealed by LAWS OF 1975, 1st Ex.Sess., ch. 260, § 9A.92.010.
¶ 15 The punishment increased to a two-year penitentiary term and $1,000 fine if the offender directed, advised, encouraged or solicited others to acts of force or violence. Former RCW 9.27.050(2). This section deals with inciting to riot, not complicity.
¶ 16 Significantly, the most serious acts where "the offender" carried a firearm or other dangerous weapon at the time of the riot or when "the purpose of the assembly or acts done therein" involved resisting enforcement of the rioting statute or obstructing a public officer  were punished most harshly by five years in the penitentiary and a $2,000 fine. Former RCW 9.27.050(1). Thus, the one clear and compelling conclusion to be drawn from the State's argument is that the former statutes provided a greater punishment when the offender carried a firearm or any other dangerous weapon. Id. The former statutes do not punish the offender for the possession of a firearm or dangerous weapon by others involved in the riot. This is consistent with current law.
¶ 17 The State argues that the complicity statute, RCW 9A.08.020(3)(a), and authorities interpreting it should apply to the riot statute. The State reasons that, given the requirement that three or more persons act in *1086 concert, rioting "is a crime of accomplices by its very nature." Resp't's Br. at 11. This point only supports our conclusion.
¶ 18 The complicity element is set forth in the base (misdemeanor) offense. Mr. Montejano "is legally accountable for the conduct of another person" under the complicity statute "by the law defining the crime." RCW 9A.08.020(2)(b). See RCW 9A.08.020(3)(b) ("A person is an accomplice of another person in the commission of a crime if ... [h]is conduct is expressly declared by law to establish his complicity."). Because the definition of the crime expressly defines the complicity element, application of the general "accomplice" definition in RCW 9A.08.020(3)(a)[3] is inappropriate. State v. Becklin, 163 Wash.2d 519, 525-26, 182 P.3d 944 (2008).
¶ 19 Washington's riot statute defines the contours of the accomplice liability by setting forth the participation required by the accused. It is well established that, in the face of such a specific statute, the more general statute, in this case the general complicity statute, does not apply. State v. Wappenstein, 67 Wash. 502, 530, 121 P. 989 (1912). See State v. Long, 98 Wash.App. 669, 674, 991 P.2d 102 (2000) ("Where criminal conduct violates both a special and a more general statute, courts generally assume the Legislature intended that the accused be charged only under the special statute."); State v. Cann, 92 Wash.2d 193, 197, 595 P.2d 912 (1979) ("The rule is that where general and special laws are concurrent, the special law applies to the subject matter contemplated by it to the exclusion of the general."); State v. Elliott, 54 Wash.App. 532, 535, 774 P.2d 530 (1989) (holding that the statute which prohibits promoting prostitution is a special statute which applies to the exclusion of the general statute on accomplice liability), aff'd, 114 Wash.2d 6, 785 P.2d 440 (1990).
¶ 20 Mr. Montejano's individual participation constituted misdemeanor riot. Because he was not personally armed with a deadly weapon, he cannot be adjudicated guilty for felony riot. Mr. Montejano's counsel conceded in oral argument that the proper remedy is to remand for entry of a misdemeanor riot conviction. We therefore reverse and remand for this purpose.
¶ 21 Reversed and remanded.
WE CONCUR: SWEENEY and KORSMO, JJ.
NOTES
[1] It is noted that in the general definition section of the criminal statutes, "`[p]erson', `he', and `actor' include any natural person." RCW 9A.04.110(17). This definition is not helpful to the analysis at issue. Nor does it prevent a finding that the use of the term in the context of the riot statute refers to the accused.
[2] The 1909 statute read:

Riot  Penalty.
Every person who shall be guilty of riot or of participating therein, by being present at, or by instigation, permitting or aiding the same, shall be punished as follows:
1. If the purpose of the assembly or the acts done therein, or intended by the persons engaged, shall be to resist the enforcement of a statute of this state or of the United States, or to obstruct any public officer of this state or the United States in serving or executing any process or other mandate of a court, or in the performance of any other duty, or if at the time of the roit [sic] the offender shall carry a firearm or any other dangerous weapon, or shall be disguised, by imprisonment in the state penitentiary for not more than five years, or by a fine of not more than one thousand dollars.
2. If the offender shall direct, advise, encourage or solicit other persons present or participating in a riot or assembly to acts of force of violence, by imprisonment in the state penitentiary for not more than two years, or by a fine of not more than one thousand dollars.
3. In every other case, by imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars.
Former RCW 9.27.050 (LAWS OF 1909, ch. 249, § 297), repealed by LAWS OF 1975, 1st Ex.Sess., ch. 260, § 9A.92.010.
[3] Under RCW 9A.08.020(3)(a), "A person is an accomplice of another person in the commission of a crime if: (a) With knowledge that it will promote or facilitate the commission of the crime, he (i) solicits, commands, encourages, or requests such other person to commit it; or (ii) aids or agrees to aid such other person in planning or committing it."