[No. 63454-2-I.   Division One.   July 19, 2010.]

THE STATE OF WASHINGTON, *Respondent*, v. SAL OU, *Appellant*.

*Vanessa Mi-jo Lee*, for appellant.

*David S. McEachran, Prosecuting Attorney*, and *Jeffrey D. Sawyer* and *Hilary A. Thomas, Deputies*, for respondent.

¶1 SCHINDLER, J. — A jury convicted Sal Ou of knowingly making a false or misleading material statement to a police officer in violation of RCW 9A.76.175. Ou contends the State had to charge him with refusal to give a name or address, or giving a false name or address, under the specific statute of RCW 46.61.020, instead of charging him under what he describes as the concurrent general statute of RCW 9A.76.175. Because refusal to give a name and address, or giving a false name or address, in violation of RCW

46.61.020 is not a statute that is concurrent with knowingly making a false or misleading material statement to a police officer in violation of RCW 9A.76.175, we affirm.

¶2 On September 5, 2008, Whatcom County Deputy Sheriff Ryan Bonsen pulled over a vehicle after learning that the license of the registered owner of the car, Sal Ou, was revoked and that Ou was subject to an ignition interlock device requirement.

¶3 In response to the Deputy Bonsen's request for his driver's license, vehicle registration, and proof of insurance, the driver said he did not have any identification with him. When Deputy Bonsen asked the driver for his name, the driver said his name was "Samlaey An" and spelled his name for the Deputy.

¶4 Deputy Bonsen twice asked the driver for his date of birth and address. Each time, the driver told the Deputy that he did not have the registration but gave Deputy Bonsen the title to the vehicle. The title listed Sal Ou as the owner. When Deputy Bonsen asked the driver if he was Sal Ou, the driver admitted that he was in fact Sal Ou.

¶5 Deputy Bonsen arrested Ou. After waiving his *Miranda*[1] rights, Ou told Deputy Bonsen that he gave him the name of a friend of his instead of his own name "because he knew his license was revoked and that he had warrants and he didn't want to be arrested for these crimes."

¶6 The State charged Ou with criminal impersonation in the first degree in violation of RCW 9A.60.040(1)(a), driving with a suspended license, and operating a vehicle without an ignition interlock device.

¶7 At the end of the State's case, the court granted Ou's motion to dismiss the felony charge of criminal impersonation. But the court allowed the State to amend the information to charge Ou with the gross misdemeanor of knowingly making a false or misleading material statement in violation of RCW 9A.76.175. The jury convicted Ou of

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

knowingly making a false or misleading material statement to Deputy Bonsen, driving with a revoked license, and operating a vehicle without an ignition interlock device.[2]

¶8 On appeal, Ou contends that the State had to charge him with the specific misdemeanor offense of giving a false name or address to an officer in violation of RCW 46.61.020, rather than the crime of knowingly making a false or misleading material statement to a police officer in violation of RCW 9A.76.175.[3] Ou argues that RCW 46.61.020 is a specific statute that is concurrent with what he describes as the general statute of RCW 9A.76.175.

¶9 This court reviews the question of whether two statutes are concurrent de novo. *State v. Chase*, 134 Wn. App. 792, 800, 142 P.3d 630 (2006). When a specific statute and a general statute punish the same conduct, the statutes are concurrent and the State can only charge under the specific statute. *State v. Shriner*, 101 Wn.2d 576, 580, 681 P.2d 237 (1984); *State v. Presba*, 131 Wn. App. 47, 52, 126 P.3d 1280 (2005). This rule gives effect to legislative intent and ensures charging decisions comport with that intent. *State v. Conte*, 159 Wn.2d 797, 803, 154 P.3d 194 (2007); *State v. Greco*, 57 Wn. App. 196, 204, 787 P.2d 940 (1990); *State v. Danforth*, 97 Wn.2d 255, 258, 643 P.2d 882 (1982).

¶10 If a person can violate the specific statute without violating the general statute, the statues are not concurrent. *State v. Heffner*, 126 Wn. App. 803, 808, 110 P.3d 219 (2005). Statutes are concurrent only when every violation of the specific statute would result in a violation of the general statute. *Chase*, 134 Wn. App. at 800. As explained in *State v. Crider*, 72 Wn. App. 815, 818, 866 P.2d 75 (1994),

---

[2] Ou stipulated at trial that he was required to have an interlock device on his vehicle, and the court admitted a certified copy of Ou's driving record that established his license was revoked at the time of the arrest. On appeal, Ou does not challenge his convictions for driving with a suspended license or operating a vehicle without an ignition lock.

[3] Neither party addresses whether this issue may be raised for the first time on appeal under RAP 2.5(a). We therefore assume, without deciding, that the issues are properly before us.

The determinative factor is whether it is possible to commit the specific crime without also committing the general crime; *not* whether in a given instance both crimes are committed by the defendant's particular conduct.

¶11 In determining whether two statutes are concurrent, we examine the elements of each of the statutes to ascertain whether a person can violate the specific statute without necessarily violating the general statute. *Heffner*, 126 Wn. App. at 808. Statutes are concurrent if all of the elements to convict under the general statute are also elements that must be proved for conviction under the specific statute. *Presba*, 131 Wn. App. at 52. Whether statutes are concurrent involves examination of the elements of the statutes, not the facts of the particular case. *Chase*, 134 Wn. App. at 802-03.

¶12 In *Chase*, the defendant argued the State had to charge him under the theft of rental property statute because based on the facts of the case, that statute was concurrent with the general first degree theft statute. *Chase*, 134 Wn. App. at 795. In rejecting the defendant's argument, we held that the underlying facts in a particular case had no bearing on whether statutes were concurrent:

> Chase argues that under the facts of this case, it was impossible for him to violate the first degree theft of rental property statute without violating the first degree theft statue. That may be true, but the question is whether *all* violations of the first degree theft of leased property statute are necessarily violations of the first degree theft statute. Because they are not, the statutes are not concurrent.

*Chase*, 134 Wn. App. at 802-03.

¶13 Consequently, without regard to the facts in this case, we must resolve whether refusing to give a name or address, or giving a false name or address, in violation of RCW 46.61.020 would necessarily result in knowingly making a false or misleading material statement to a police officer in violation of RCW 9A.76.175.

¶14 Under RCW 46.61.020, a person who is in charge of or is operating a vehicle cannot refuse to provide informa-

tion or give a false name or address to a police officer. RCW 46.61.020(1) provides, in pertinent part:

It is unlawful for any person while operating or in charge of any vehicle to refuse when requested by a police officer to give his or her name and address and the name and address of the owner of such vehicle, or for such person to give a false name and address, and it is likewise unlawful for any such person . . . to refuse upon demand of such police officer to produce his or her certificate of license registration of such vehicle, his or her insurance identification card, or his or her vehicle driver's license or to refuse to permit such officer to take any such license, card, or certificate for the purpose of examination thereof.

¶15 The amended information charged Ou with knowingly making a false or misleading material statement to Deputy Bonsen in violation of RCW 9A.76.175. The information alleged Ou "did knowingly make a false or misleading material statement to a public servant, in violation of RCW 9A.76.175." RCW 9A.76.175 provides:

A person who knowingly makes a false or misleading material statement to a public servant is guilty of a gross misdemeanor. "Material statement" means a written or oral statement reasonably likely to be relied upon by a public servant in the discharge of his or her official powers or duties.

¶16 RCW 9A.76.175 contains two elements that the specific statute, RCW 46.61.020, does not. A violation of RCW 46.61.020 requires the State to prove that a person who is in charge of a vehicle or is operating a vehicle either refused to give an officer their name and address or gave a false name or address. By contrast, RCW 9A.76.175 contains a mens rea element of "knowingly" and requires that the false or misleading statement was "material."[4] In defining "material," RCW 9A.76.175 requires the State to prove beyond a reasonable doubt that the defendant know-

---

[4] To prove making a false statement in violation of RCW 9A.76.175, the State must prove that "the defendant knew both that the statement was material and that it was false or misleading." *See* 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 120.04, at 473 (3d ed. 2008).

ingly made a false or misleading statement that was "reasonably likely to be relied upon by a public servant in the discharge of his or her official powers or duties."

¶17 Ou concedes that "refus[ing] when requested by a police officer to give his or her name and address and the name and address of the owner of such vehicle" under RCW 46.61.020 does not violate RCW 9A.76.175. Nevertheless, relying on the amended information, Ou contends the two statutes are concurrent because he was charged with giving a false name to an officer, conduct that he argues would always violate both of the statutes.

¶18 However, contrary to the premise of Ou's argument, the State charged Ou with knowingly "making a false or misleading material statement" to Deputy Bonsen. Moreover, a person can commit the offense of refusal to give information, or giving a false name or address, in violation of RCW 46.61.020 without committing the offense of making a false statement in violation of RCW 9A.76.175. The refusal to provide information to an officer under RCW 46.61.020 does not necessarily constitute a "false or misleading material statement" in violation of RCW 9A.76.175. Likewise, giving a false name or address to a police officer in violation of RCW 46.61.020 would not always establish the false representation was "material" under RCW 9A.76.175.

¶19 We rejected a similar argument in *Presba*. In *Presba*, the defendant used another person's identity during a traffic stop. The State charged Presba with identity theft in violation of former RCW 9.35.020 (2001). On appeal, Presba argued that the State should have charged her under the more specific statute of refusal to give a name or address, or giving a false name or address, in violation of RCW 46.61.020. We held the two statutes were not concurrent because a person can violate RCW 46.61.020 by giving a false name of someone who does not exist, but in order to commit identity theft in the second degree a person must give a " 'false name' " of a " 'specific, real person.' " *Presba*, 131 Wn. App. at 53-54 (quoting *State v. Berry*, 129 Wn. App. 59, 68, 117 P.3d 1162 (2005)). Because every violation of

RCW 46.61.020 would not necessarily constitute a violation of the identity theft statute, we concluded the statutes are not concurrent. Here, as in *Presba*, because every violation of RCW 46.61.020 would not necessarily violate RCW 9A.76.175, the two statutes are not concurrent.

¶20 The case Ou relies on, *State v. Jessup*, 31 Wn. App. 304, 641 P.2d 1185 (1982), is distinguishable. In *Jessup*, the defendant was charged with both promoting prostitution in the second degree and criminal conspiracy to promote prostitution in the second degree. The court held that the statutes were concurrent because any agreement to " 'engage in or cause the performance' " of prostitution activity in violation of the general conspiracy statute would also constitute " 'conduct designed to institute, aid, or facilitate an act or enterprise of prostitution' " in violation of the specific promoting prostitution statute. *Jessup*, 31 Wn. App. at 307 (quoting RCW 9A.28.040; RCW 9A.88.060). In concluding that the elements of the conspiracy charge were subsumed in the elements of the promoting prostitution statute, the court looked to the language of the statute. Here, unlike in *Jessup*, the purported general statute, RCW 9A.76.175, clearly contains elements that RCW 46.61.020 does not.

¶21 Because every violation of RCW 46.61.020 would not necessarily constitute a violation of RCW 9A.76.175, the two statutes are not concurrent and we affirm.

Cox and SPEARMAN, JJ., concur.

Review denied at 170 Wn.2d 1017 (2011).