# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54103-3-II |
| Respondent, | consolidated with |
| v. | |
| GUANG NONE ZHENG, | |
| Appellant. | |
| STATE OF WASHINGTON, | No. 54106-8-II |
| Respondent, | |
| v. | |
| DAN YU, | PUBLISHED OPINION |
| Appellant. | |

GLASGOW, A.C.J. Guang None Zheng and Dan Yu were convicted as accomplices of practicing massage without licenses, a gross misdemeanor for the first offense, and a felony for additional offenses. Zheng and Yu appeal their convictions, arguing that the trial court should have granted their motion to dismiss. They contend that the general gross misdemeanor/felony statute making it a crime to practice a licensed profession without a license, under which they were charged, was concurrent with a specific misdemeanor statute that applies to business owners who permit their employees to give unlicensed massages. Where two statutes are concurrent, Zheng and Yu argue, Washington law requires the State to charge the specific offense. They further claim

that even if the statutes here are not concurrent, they conflict with each other, which meant the State should have charged them under the more specific misdemeanor statute.

We affirm. The statutes are not concurrent, nor do they conflict. The State properly charged Zheng and Yu under the gross misdemeanor/felony statute.

FACTS

Zheng and his wife Yu owned and operated a massage business, Treat Your Feet, in Lakewood, which employed about 20 people.

Between October 2015 and March 2018, the Lakewood Police Department conducted an undercover investigation into Treat Your Feet. When the officers visited the business, Zheng or Yu would greet them at the front counter, "escort the officer to a private massage room, direct the officer to undress, then leave the room, and shortly thereafter an employee would enter the room and perform the body massage on the officer." Clerk's Papers (CP) at 109. The officers then paid Zheng or Yu for the massage and tipped the employee. During the investigation, multiple employees gave two massages each to undercover officers.

The Lakewood Police Department also tracked the defendants and employees through surveillance. Zheng and Yu frequently picked up the employees from apartments leased under Zheng's name, drove them to work, and brought them back home at the end of the day. The officers obtained a warrant and searched Zheng and Yu's house, the employees' apartments, and Treat Your Feet. They did not find any employment records, tax documents, time cards, pay stubs, or massage licenses in any of the locations searched.

The officers then arrested seven Treat Your Feet employees. Four employees agreed to an interview after being informed of their *Miranda*[1] rights. Each of these four employees admitted she was not licensed to practice massage in Washington and said that "the 'boss' or 'bosses' knew she did not have a valid massage license." CP at 224. The employees also told the officers they learned about employment at Treat Your Feet through an advertisement online, and two of the employees moved to Washington to work there.

The employees said that "they were only paid for the massages they did, by percentage of the total cost, and that they each had to wash laundry and perform cleaning duties that were not compensated." CP at 109. They also told the officers that Zheng and Yu deducted "'rent'" from their wages for the apartments they stayed in. *Id.*

Yu held a valid license to practice massage in Washington, but the officers verified that none of the four employees who gave massages to the undercover officers had licenses. When customers came into the business, Zheng or Yu would "assign[] a specific employee to conduct a body massage on the paying customers" and "require[]" that employee to conduct the massage. CP at 110-11.

The State originally charged Zheng and Yu with 14 counts of the unlawful practice of a profession without a license under RCW 18.130.190(7). The information alleged that Zheng and Yu were liable as accomplices for the conduct of their employees who gave unlicensed massages. Under the statute, a first violation is a gross misdemeanor and every subsequent violation is a felony. RCW 18.130.190(7)(a), (b). Because seven unlicensed employees each gave two massages during the undercover investigation, the State initially charged Zheng and Yu with seven gross

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

3

misdemeanors for each employee's first massage and seven felonies for each employee's second massage.

Zheng and Yu moved to dismiss all charges, arguing that the State should have charged them under RCW 18.108.035, a misdemeanor offense that applies to owners or operators of massage businesses who allow or permit the unlicensed practice of massage. The trial court denied Zheng and Yu's motion to dismiss.

The parties then agreed to a bench trial based on stipulated facts. The State reduced the charges for both Zheng and Yu to four counts under the gross misdemeanor prong and four counts under the felony prong of RCW 18.130.190(7). The trial court found them guilty of all counts. Zheng and Yu appeal their convictions.

ANALYSIS

A.      Statutory Concurrency

The central issue in this case is whether RCW 18.130.190(7) (unlawful practice of a profession without a license) and RCW 18.108.035 (permitting an unlicensed employee to practice massage) are concurrent statutes for purposes of the "general-specific" rule. "'The general-specific rule is a well established rule of statutory construction.'" *State v. Numrich*, 197 Wn.2d 1, 13, 480 P.3d 376 (2021) (quoting *State v. Shriner*, 101 Wn.2d 576, 580, 681 P.2d 237 (1984)). Under this rule, "'[if] a special statute punishes the same conduct [that] is punished under a general statute, the special statute applies and the accused can be charged only under that statute.'" *Id.* (alterations in original) (internal quotation marks omitted) (quoting *Shriner*, 101 Wn.2d at 580). Put another way, whenever two concurrent statutes govern the same subject matter and cannot be harmonized, the specific statute prevails "'unless it appears that the legislature intended to make the general act

controlling.'" *Id.* (internal quotation marks omitted) (quoting *State v. Conte*, 159 Wn.2d 797, 803, 154 P.3d 194 (2007)).

The general-specific rule applies only when two statutes are concurrent. *Id.* Statutes are concurrent when "'the general statute will be violated in each instance where the special statute has been violated.'" *Id.* (quoting *Shriner*, 101 Wn.2d at 580). "'The determinative factor is whether it is possible to commit the specific crime without also committing the general crime.'" *State v. Ou*, 156 Wn. App. 899, 902-03, 234 P.3d 1186 (2010) (quoting *State v. Crider*, 72 Wn. App. 815, 818, 866 P.2d 75 (1994)). For purposes of the general-specific test, "'[i]t is not relevant that the special statute may contain additional elements not contained in the general statute.'" *Numrich*, 197 Wn.2d at 13 (quoting *Shriner*, 101 Wn.2d at 580).

"Statutes are concurrent if all of the elements to convict under the general statute are also elements that must be proved for conviction under the specific statute." *Ou*, 156 Wn. App. at 903. And because we consider the elements that must be proved for a conviction under each statute in the abstract, we look at "the elements of the statutes, not the facts of the particular case." *Id.* In sum, if there is any possible way for a person to violate the specific statute but not the general statute, the two statutes cannot be concurrent. *See id.* at 902. We review this question de novo. *Numrich*, 197 Wn.2d at 13.

B.      Whether the Statutes Are Concurrent

Zheng and Yu argue that the general gross misdemeanor/felony offense for practicing a profession without a license and the specific misdemeanor offense for business owners who allow the unlicensed practice of massage are concurrent. They propose we should not consider accomplice liability requirements when analyzing concurrency. Without considering accomplice

liability, they explain, any violation of the specific misdemeanor statute, which has a mens rea element of knowledge or criminal negligence, must be a violation of the gross misdemeanor/felony statute, which has no mens rea element. We disagree.

Under the specific misdemeanor statute, "[a]ny person who with knowledge or criminal negligence allows or permits the unlicensed practice of massage therapy . . . to be committed within his or her massage business is guilty of a misdemeanor for a single violation." RCW 18.108.035(1). Each subsequent violation is a gross misdemeanor. RCW 18.108.035(2). To prove a violation of this statute, the State must meet a mens rea element of either knowledge or criminal negligence. RCW 18.108.035(1).

Under RCW 9A.08.010(b), "[a] person . . . acts . . . with knowledge when . . . [they are] aware of a fact . . . or circumstances or result described by a statute defining an offense; or . . . [have] information which would lead a reasonable person in the same situation to believe that [such] facts exist." A person acts with criminal negligence when they "fail[] to be aware of a substantial risk that a wrongful act may occur and [their] failure to be aware of such substantial risk constitutes a gross deviation from the standard of care that a reasonable person would exercise in the same situation." RCW 9A.08.010(d).

Under the general statute, any person who engages in the "[u]nlicensed practice of a profession or operating a business for which a license is required" is guilty of a gross misdemeanor for a single violation and a felony for each subsequent violation. RCW 18.130.190(7)(a), (b). Massage therapy requires a license. RCW 18.130.040(2)(a)(iv). Because RCW 18.130.190(7) has no mens rea element, the unlawful practice of a licensed profession is a strict liability offense.

Under RCW 9A.08.020(3)(a), an accomplice is a person who acts with the "knowledge that [their conduct] will promote or facilitate the commission of the crime" and who "[s]olicits, commands, encourages, or requests [another] person to commit [the crime]" or who "[a]ids or agrees to aid [another] person in planning or committing" the crime. *See also* 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 10.51 (5th ed. 2021).

As an initial matter, we reject Zheng and Yu's contention that we do not consider the requirements of accomplice liability in determining what elements the State would need to show in this case to obtain a conviction under the gross misdemeanor/felony statute. Rather, we follow Division One's approach in *State v. Elliott*, 54 Wn. App. 532, 534-35, 774 P.2d 530 (1989). There, Division One applied the general-specific concurrency test and included the elements of accomplice liability in assessing what the State needed to prove to convict the defendant of being an accomplice to prostitution. *Id.*

The State could have proven that Zheng and Yu violated the specific misdemeanor statute by showing that they allowed or permitted their employees to practice unlicensed massage while acting with a mental state of either "knowledge *or* criminal negligence." RCW 18.108.035(1) (emphasis added). Under the criminal negligence prong, the State would need to establish only that Zheng and Yu "fail[ed] to be aware of a substantial risk" that unlicensed massage could occur in their business and that this failure was "a gross deviation from the standard of care that a reasonable person would exercise in the same situation." RCW 9A.08.010(d).

To obtain a conviction under the general gross misdemeanor/felony statute, the State must prove the defendant practiced a profession without a license as either a principal or an accomplice. *See* RCW 18.130.190(7); *see also* RCW 9A.08.020(3)(a). Here, only accomplice liability was at

7

issue. To prove that Zheng and Yu were accomplices to the unlicensed practice of massage, the State had to show they knew that their actions would facilitate practicing massage without a license and that they solicited, commanded, encouraged, requested, or aided another person in committing that offense. RCW 9A.08.020(3)(a).

Here, the two statutes are not concurrent because the general gross misdemeanor/felony of practicing massage without a license as an accomplice will not "'be violated in each instance where the special statute has been violated.'" *Numrich*, 197 Wn.2d at 13 (quoting *Shriner*, 101 Wn.2d at 580)). Proving that Zheng and Yu *allowed or permitted* their employees to practice unlicensed massage while acting with criminal negligence would not meet the elements of *practicing massage without a license as accomplices*. First, criminal negligence is unequivocally a lower mental state than knowledge, which is required for accomplice liability. RCW 9A.08.010(1)(b), (d); *see also State v. Koch*, 157 Wn. App. 20, 39, 237 P.3d 287 (2010). Second, an owner of a massage business who allows or permits an employee to practice massage without a license has not necessarily solicited, commanded, encouraged, requested, or aided another person in committing the crime of unlicensed massage. RCW 9A.08.020(3)(a). For both reasons, it is possible to violate RCW 18.108.035, the specific misdemeanor statute, without also violating the general gross misdemeanor/felony statute, RCW 18.130.190(7). The two statutes are not concurrent. *See Numrich*, 197 Wn.2d at 13; *Ou*, 156 Wn. App. at 902.[2]

---

[2] Even if we were to consider the general gross misdemeanor/felony statute without looking to accomplice liability, the State must prove that the defendant practiced without a license, not just that they allowed someone else to do so. The statute also makes it illegal to operate a business without a required license, but there has been no allegation that Treat Your Feet lacked appropriate business licenses, only that individual masseuses were unlicensed.

C.        Whether the Statutes Otherwise Conflict

Zheng and Yu argue that even if the statutes are not concurrent, the State nonetheless charged them incorrectly. The defendants contend that the two statutes are in "apparent conflict[]" with each other and when this occurs, "courts generally give preference to the more specific and more recently enacted statute." Opening Br. of Appellant (Zheng) at 16. We reject Zheng and Yu's argument.

Zheng and Yu are correct that a "well-established principle of statutory construction provides that apparently conflicting statutes must be reconciled to give effect to each of them." *Tunstall v. Bergeson*, 141 Wn.2d 201, 211, 5 P.3d 691 (2000). It is also correct that courts "generally give preference to the more specific and more recently enacted statute" when resolving statutory conflicts. *Id.* We review questions of statutory construction de novo. *Gronquist v. Dep't of Corr.*, 196 Wn.2d 564, 568, 475 P.3d 497 (2020).

We disagree, however, that the statutes conflict. By its plain language, the gross misdemeanor/felony statute criminalizes unlicensed massage by people who themselves give unlicensed massages or those who are so closely involved in the practice of unlicensed massage that they can be convicted as accomplices because they knowingly facilitated the offense. RCW 18.130.190(7); RCW 9A.08.020(3). By contrast, the misdemeanor applies to owners of massage businesses who merely knew or should have known their employees were unlicensed and allowed or permitted the employees to give massages. RCW 18.108.035. These statutes generally address different conduct. But even if some conduct is covered by both statutes, the Supreme Court recently explained in *Numrich* that "it is not unusual in criminal law that multiple statutes can be violated by the same set of facts." 197 Wn.2d at 17. This alone does not create an irreconcilable

conflict between the statutes. We hold that the statutes do not otherwise conflict and that the State properly charged Zheng and Yu under RCW 18.130.190(7).

## CONCLUSION

We hold that a person can violate RCW 18.108.035 without necessarily violating RCW 18.130.190(7). The two statutes therefore are not concurrent, nor do they otherwise conflict. Because the State properly charged Zheng and Yu under RCW 18.130.190(7), we affirm their convictions.

Glasgow, A.C.J.

We concur:

Sutton, J.

Veljacic, J.