# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

    Respondent/Cross-Appellant,

v.

DANIEL JOSEPH WIDDERS,

    Appellant/Cross-Respondent.

No. 86849-7-I

DIVISION ONE

PUBLISHED OPINION

MANN, J. — A jury convicted Daniel Widders of escape in the first degree after he did not surrender to serve his 10-day sentence at Lewis County Jail. On appeal, Widders argues that, under the general-specific rule of statutory construction, the State was required to charge him under the specific failure to appear or surrender statute rather than the general escape in the first degree statute. We agree.

We hold that escape in the first degree, RCW 9A.76.110, and failure to appear or surrender, RCW 9A.76.190, are concurrent statutes, and Widders should have been charged under the more specific failure to appear or surrender statute. Accordingly, we vacate Widders's conviction.

I

On September 21, 2022, a jury convicted Widders of theft in the second degree. The judgment and sentence required Widders to serve 10 days in jail and 20 days on electronic home monitoring. The court order required Widders to begin serving the jail sentence on September 27, 2022.

On September 29, 2022, the court entered an order modifying the judgment and sentence requiring Widders begin his sentence on October 11, 2022, at Lewis County Jail. Widders testified that he asked the judge to extend his initial deadline for reporting to jail because his mother had a stroke and he thought she would die. Widders testified that after the judge extended his deadline, he did not surrender because he was still taking care of his mother. He further explained that he did not ask for another extension because he feared it would be denied and wanted to be home if his mother died.

Widders did not appear for his review hearing on November 3, 2022, to show compliance with his judgment and sentence. That same day, Lewis County Sheriff's Office reported that Widders had not reported to jail within the specified time, and a warrant was issued for his arrest. The State charged Widders with escape in the first degree.

On May 19, 2023, a jury convicted Widders as charged.

Widders appeals.[1]

---

[1] The State filed a cross-appeal. Because we vacate Widders's escape conviction, we do not reach the State's cross-appeal.

II

Widders argues that his conviction for escape in the first degree must be vacated under the general-specific rule of statutory construction because the escape in the first degree statute is concurrent with the failure to appear or surrender statute. We agree.[2]

A

The general-specific rule is a "well established rule of statutory construction that '[if] a special statute punishes the same conduct [that] is punished under a general statute, the special statute applies and the accused can be charged only under that statute.'" State v. Numrich, 197 Wn.2d 1,13, 480 P.3d 376 (2021) (quoting State v. Shriner, 101 Wn.2d 576, 580, 681 P.2d 237 (1984)). Whether two statutes are concurrent is a question of law reviewed de novo. Numrich, 197 Wn.2d at 13.

We will determine that statutes are concurrent if all the elements to convict under the general statute are also the elements that must be proved for a conviction under the specific statute. State v. Ou, 156 Wn. App. 899, 903, 234 P.3d 1186 (2010). "Whether statutes are concurrent involves examination of the elements of the statutes, not the facts of the particular case." Ou, 156 Wn. App. at 903.

The general-specific rule also ensures that charging decisions align with legislative intent. Ou, 156 Wn. App. at 903. The rule seeks to "minimize sentence disparities resulting from unfettered prosecutorial discretion." State v. Albarran, 187 Wn.2d 15, 20, 383 P.3d 1037 (2016). Accordingly, a person's equal protection rights are implicated when the State does not charge a person under the more specific statute

_____

[2] The State asserts that Widders cannot raise the statutory argument because it was not raised to the trial court. Widders objected at trial to a jury instruction defining custody, mentioning that there was a crime for failure to appear. We exercise our discretion under RAP 2.5(a) to consider the argument.

because the State "can obtain varying degrees of punishment while proving identical elements." State v. Karp, 69 Wn. App. 369, 372, 848 P.2d 1304 (1993).

B

We first provide a brief overview of the relevant legislative history of the crimes of bail jumping and escape.

Before 2020, the crime of bail jumping was last modified in 2001. LAWS OF 2001, ch. 264, § 3. The legislature amended the statute to expand the crime to include failing to report to a correctional facility. See LAWS OF 2001, ch. 264, § 3; FINAL B. REP. ON H.B. 1227. Additionally, instead of requiring a person to knowingly fail to appear to be convicted of bail jumping, the law was revised to only require that the individual had knowledge of the requirement to appear before a court or report to a correctional facility. See LAWS OF 2001, ch. 264, § 3; FINAL B. REP. ON H.B. 1227 57th Leg. Reg. Sess. (Wash. 2001). Accordingly, the 2001 version of the statute provided:

> Any person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state, or of the requirement to report to a correctional facility for service of sentence, and who fails to appear or who fails to surrender for service of sentence as required is guilty of bail jumping.

Former RCW 76.170(1) (2001). Violation of the statute constituted a class C felony if the person was held for, charged with, or convicted of a class C or B felony. Former RCW 76.170(3)(c) (2001).

In the same session law, the legislature also modified the crime of escape in the first degree. LAWS OF 2001, ch. 264, § 1; FINAL B. REP. ON H.B. 1227. The legislature added the "knowingly" element to escape in the first degree, which was already a

requirement in case law.  LAWS OF 2001, ch. 264, § 1; FINAL B. REP. ON H.B. 1227; see also State v. Ammons, 136 Wn.2d 453 n.3, 963 P.2d 812 (1998).  The bill also repealed the crimes of willfully failing to return from furlough and work release.  FINAL B. REP. ON H.B. 1227.

Then, in 2020, the legislature modified the crime of bail jumping to narrow the offense to only persons charged with violent or sex felony offenses and persons who fail to appear for trial dates.  See RCW 9A.76.170.[3]  The legislature also created the new crime of failure to appear or surrender.  LAWS OF 2020, ch. 19, § 2.

The current escape in the first degree statute provides:

> A person is guilty of escape in the first degree if he or she knowingly escapes from custody or a detention facility while being detained pursuant to a conviction of a felony or an equivalent juvenile offense.

RCW 9A.76.110(1).  Violation of the statute is a class B felony.  RCW 9A.76.110(3).  In comparison, the failure to appear or surrender statute provides:

> (1)(a) A person is guilty of failure to appear or surrender if he or she is released by court order or admitted to bail, has received written notice of the requirement of a subsequent personal appearance before any court of

---

[3] The statute was amended as follows:

(1) ((Any person having been)) A person is guilty of bail jumping if he or she:

(a)  Is released by court order or admitted to bail ((with knowledge)), has received written notice of the requirement of a subsequent personal appearance for trial before any court of this state, and fails to appear for trial as required; or

(b)(i) Is held for, charged with, or convicted of a violent offense or sex offense, as those terms are defined in RCW 9.94A.030, is released by court order or admitted to bail, has received written notice of the requirement of a subsequent personal appearance before any court of this state or of the requirement to report to a correctional facility for service of sentence, and ((who)) fails to  appear or ((who)) fails to surrender for service of sentence as required ((is guilty of bail jumping)); and

(ii)(A) Within thirty days of the issuance of a warrant for failure to appear or surrender, does not make a motion with the court to quash the warrant, and if a motion is made under this subsection, he or she does not appear before the court with respect to the motion; or

(B) Has had a prior warrant issued based on a prior incident of failure to appear or surrender for the present cause for which he or she is being held or charged or has been convicted.

LAWS OF 2020, ch. 19, § 1.

this state or of the requirement to report to a correctional facility for service of sentence, and fails to appear or fails to surrender for service of sentence as required; and

(b)(i) Within thirty days of the issuance of a warrant for failure to appear or surrender, does not make a motion with the court to quash the warrant, and if a motion is made under this subsection, he or she does not appear before the court with respect to the motion; or

(ii) Has had a prior warrant issued based on a prior incident of failure to appear or surrender for the present cause for which he or she is being held or charged or has been convicted.

RCW 9A.76.190. Under this statute, if the person was held for, charged with, or convicted of a felony, violation is a gross misdemeanor. RCW 9A.76.190(3)(a). But if the underlying charge or conviction is a gross misdemeanor or misdemeanor, then violation of the statute is a misdemeanor. RCW 9A.76.190(3)(b).

C

To determine whether the statutes are concurrent, it is first necessary to analyze whether the elements under the general statute (escape) are also the elements that need to be proved under the special statute (failure to appear or surrender). Ou, 156 Wn. App. at 903.

To convict under escape in the first degree, the State must prove (1) the defendant escaped from custody; (2) the defendant was detained pursuant to a felony; (3) the defendant knew their actions would result in leaving confinement without permission; and (3) the acts occurred in the State of Washington. See 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: Criminal 120.26 (5th ed. 2021) (WPIC) 120.26; RCW 9A.76.110. A person "escapes from custody" when

they fail to be physically present at the time and place where they are legally obligated to be in custody. Ammons, 136 Wn.2d at 458.

In comparison, to convict under failure to appear or surrender, the State must prove (1) the defendant was convicted of felony; (2) the defendant was released by a court order; (3) the defendant received written notice of a requirement to report to a correctional facility for service of a sentence; (4) the defendant failed to surrender for service of the sentence as required; and (5) the acts occurred in the State of Washington. See RCW 9A.76.190.

The elements to convict under escape in the first degree, a class B felony, are the same to convict under failure to appear or surrender, a gross misdemeanor. First, an element of escape is the defendant fails to be present at a time or place where they are legally required to be in custody. In comparison, failure to appear or surrender requires proving that the defendant failed to surrender as required by a court order. Both of these elements require proving that the defendant was not at a place they were legally required to be. Second, escape in the first degree requires proving the defendant knew their actions would result in leaving confinement. Failure to surrender requires that the defendant received written notice of requirement to surrender at a correctional facility.

The State argues that the statutes cannot be concurrent because the mens rea for escape is "knowingly." In response, Widders argues that the two statutes have a substantially similar mens rea. We agree with Widders. Each time a defendant receives notice of a requirement to surrender it means that the defendant has

knowledge of the requirement to be in custody.  Accordingly, the elements under the general statute are the same that need to be proven under the specific statute.[4]

Further, "[i[t is a fundamental rule that where the general statute, if standing alone, would include the same matter as the special act and thus conflict with it, the special act will be considered as an exception to, or qualification of, the general statute, whether it was passed before or after such general enactment."  Wark v. Wash. Nat'l Guard, 87 Wn.2d 864, 867, 557 P.2d 844 (1976).  And, if "concurrent general and special acts are in pari materia and cannot be harmonized, the latter will prevail, unless it appears that the legislature intended to make the general act controlling.'"  State v. Conte, 159 Wn.2d 797, 803, 154 P.3d 194 (2007) (quoting Wark, 87 Wn.2d at 867).  Finally, we presume that the legislature enacts laws with knowledge of existing laws.  Allen v. Dan & Bill's RV Park, 6 Wn. App. 2d 349, 360, 428 P.3d 376 (2018).

Nothing in the legislative history suggests that the legislature intended to make escape the controlling statute.  Rather, because the statutes criminalize the same conduct, the specific failure to appear or surrender statute acts as an exception or qualification to the general escape statute.  Wark, 87 Wn.2d at 867.  And since we presume the legislature acts with knowledge of existing laws, the legislature must have intended that the State charge failure to appear or surrender rather than escape in cases like Widders.

---

[4] For purposes of the general-specific analysis, " '[i]t is not relevant that the special statute may contain additional elements not contained in the general statute.' "  Numrich, 197 Wn.2d at 13 (quoting Shriner, 101 Wn.2d at 580).  Thus, it is not relevant that failure to appear or surrender also requires that the State proves the defendant did not move to quash the warrant within 30 days or that he had a prior warrant issued in the same case.  RCW 9A.76.190(b)(i)-(ii).

Moreover, the legislature's creation of a new crime of failure to appear or surrender illustrates the legislature's intent that the crime of failing to surrender to a correctional facility is less culpable than physically escaping a correctional facility. The legislature explicitly changed the act of failing to report to a correctional facility to a gross misdemeanor rather than a felony. This evidences the legislature's goal that a person who fails to report to a correctional facility should not be charged with a felony.

For these reasons, we hold that escape in the first degree, RCW 9A.76.110, and failure to appear or surrender, RCW 9A.76.190, are concurrent statutes and Widders should have been charged under the more specific failure to appear or surrender statute. Accordingly, we vacate Widders's conviction.

_____Mann, J._____

WE CONCUR:

_____          _____