126 P.3d 1280 (2005)
131 Wash.App. 47
STATE of Washington, Respondent,
v.
Melissa PRESBA, Appellant.
No. 55202-3-I.
Court of Appeals of Washington, Division 1.
December 27, 2005.
*1281 Cheryl D. Aza, Washington Appellate Project, Attorney at Law, Seattle, WA, for Appellant/Cross-Respondent.
Seth Aaron Fine, Attorney at Law, Snohomish Co. Pros. Ofc., Everett, WA, for Respondent/Cross-Appellant.

PUBLISHED IN PART
COX, C.J.
¶ 1 The primary issue in this appeal is whether the State improperly charged Melissa Presba with identity theft because it should have charged either obstructing a law enforcement officer (RCW 9A.76.020) or refusal to give information to or cooperate with an officer (RCW 46.61.020) as more specific concurrent offenses. We also decide whether the State was required to charge Presba with first degree criminal impersonation (RCW 9A.60.040) to avoid violating equal protection. We hold that the identity theft statute is not concurrent with either of the first two statutes. Therefore, the State was not required to charge Presba with violating them. Similarly, equal protection did not require charging the third statute because its elements are not the same as those of identity theft. Thus, on the facts of this case, the State properly charged Presba. We affirm.
¶ 2 In 2003, Shyla Dashiell received notice that her automobile insurance rates had significantly increased. Because she had received no tickets and been in no accidents, she inquired of her agent, who referred her to the Department of Licensing. To her surprise, the Department told her that its records indicated that she had been stopped by a state trooper on September 1, 2002, thereafter failed to appear for her court hearings, and, as a result, her driver's license had been suspended. There was also an outstanding warrant for her arrest.
¶ 3 Dashiell contacted a number of people at the court that issued the warrant and eventually used a public disclosure request to obtain a videotape of the traffic stop. Upon viewing the videotape, she recognized the person using her maiden name, birth date, former address, and social security number as a former friend and neighbor, defendant Melissa Presba.
¶ 4 Presba was charged with second degree identity theft, forgery, and third degree driving with a suspended license. Jonathan Lever, the state trooper who had conducted the traffic stop, testified that Presba had given Dashiell's maiden name, date of birth, and social security number with such assurance that he was inclined to believe her. Though the social security number was one digit off from what the Department of Licensing had for the license record, Presba explained that the Department had always had an incorrect number. Lever was also concerned because the physical appearance notations did not seem to match. But after a half hour of continued discussion he was sufficiently persuaded that Presba was who she said she was that he cited her for the infraction of driving without her license on her person and released her. Presba signed the notice of infraction using Dashiell's maiden name. Presba's actual driving record showed her license was suspended.
¶ 5 Presba did not testify at trial. Her counsel conceded Presba had engaged in all the conduct alleged by the State, but argued that the purpose of the identity theft statute was limited to financial crimes. Counsel maintained Presba was guilty only of what she contended was the lesser included offense of criminal impersonation.[1]
¶ 6 The trial court compared the language of the identity theft statute to the criminal impersonation statute and distinguished the two, noting that one could assume a false identity and thus violate the criminal impersonation statute without using the means of *1282 identification of a real person that is required to violate the identity theft statute. The court also noted that while it appeared the general impetus for the identity theft statute seemed to be financial crimes, the Legislature had not limited the statute to such circumstances because it was not necessary to use another person's financial information or actually obtain anything of value to violate the statute. The court concluded that a plain reading of the statute showed merely using a real person's means of identification to facilitate any other crime was sufficient, and that was what Presba had done.
¶ 7 Presba appeals.

CONCURRENT STATUTES
¶ 8 Presba first contends that RCW 9.35.020(1), with which she was charged, is concurrent with RCW 9A.76.020 and RCW 46.61.020, which also could have been charged. She argues that the State was required to charge her with one of the latter two statutes because they are more specific. We hold that the statutes are not concurrent.
¶ 9 It is a rule of statutory construction that when a specific statute punishes the same conduct punished under a general statute, they are concurrent statutes and the State must charge only under the specific statute.[2] In order for statutes to be deemed concurrent, the general statute must be violated every time the special statute has been violated.[3] In other words, "[a]ll of the elements required to be proved for a conviction of [the general statute] are also elements that must be proved for conviction of [the specific statute]."[4]
¶ 10 Former RCW 9.35.020(1) defines identity theft:
No person may knowingly obtain, possess, use, or transfer a means of identification or financial information of another person, living or dead, with the intent to commit, or to aid or abet, any crime.
This court has held that the "individual or other person" referred to in former 9.35.020(1) must be a "specific, real person."[5]
¶ 11 RCW 9.35.005(3) defines "means of identification" as
information or an item that is not describing finances or credit but is personal to or identifiable with an individual or other person, including: A current or former name of the person, telephone number, an electronic address, or identifier of the individual or a member of his or her family, including the ancestor of the person; information relating to a change in name, address, telephone number, or electronic address or identifier of the individual or his or her family; a social security, driver's license, or tax identification number of the individual or a member of his or her family; and other information that could be used to identify the person, including unique biometric data.
¶ 12 RCW 9A.76.020 provides that a person is guilty of obstructing a law enforcement officer "if the person willfully hinders, delays, or obstructs any law enforcement officer in the discharge of his or her official powers or duties." This very general crime can obviously be committed by use of any number of means not involving another person's identity. Moreover, the statute contains no requirement that the person have the "intent to commit . . . any crime" as does the identity theft statute. Accordingly, RCW 9A.76.020 is not concurrent with identity theft.[6]
¶ 13 RCW 46.61.020(1) provides that "[i]t is unlawful for any person while operating or in charge of any vehicle to refuse when requested by a police officer to give his or her name and address and the name and address of the *1283 owner of such vehicle, or for such person to give a false name and address...." Presba points out that this statute focuses on behavior surrounding operation of motor vehicles. In that sense, it is indeed more specific than the identity theft statute. But the "false name and address" element of this statute does not require that the "false name" be the identifying information of a real person as is required for identity theft. A defendant may violate RCW 46.61.020(1) by giving a name that is false because there is no person with that name. Because such behavior would not also violate the identify theft statute, RCW 46.61.020(1) does not constitute a more specific concurrent statute that must be charged to the exclusion of identity theft.[7]

EQUAL PROTECTION
¶ 14 Presba also contends that the State's choice to prosecute her for the felony of identity theft rather than the former misdemeanor of criminal impersonation offends her constitutional right to equal protection. Presba relies on the court of appeals cases of State v. Rentfrow[8] and State v. Farrington[9] to support this claim.[10]
¶ 15 Under these cases and the cases they cite, however, there is no equal protection violation if the elements of the two crimes in question are not the same. Presba contends that equal protection is offended because she was not charged with a violation of former RCW 9A.60.040, the former misdemeanor offense[11] of criminal impersonation:
A person is guilty of criminal impersonation in the first degree if the person:
(a) Assumes a false identity and does an act in his or her assumed character with intent to defraud another or for any other unlawful purpose.
¶ 16 But this court has held that assuming a "false identity" under this statute is not the same as using a "false name."[12] And even if those terms were taken to be coextensive, as the trial court reasoned in rejecting Presba's claim that criminal impersonation was an included offense, neither use of a false name nor a false identity requires assuming the identity of an actual person, which is necessary to commit identity theft. Accordingly, Presba's argument fails.

SUFFICIENCY OF THE EVIDENCE
¶ 17 Presba also challenges sufficiency of the evidence. A person challenging the sufficiency of evidence admits the truth of the State's evidence and any reasonable inferences from it.[13] All reasonable inferences from the evidence are drawn in favor of the State and interpreted most strongly against the defendant.[14] Circumstantial and direct evidence are considered equally reliable.[15]
¶ 18 The statutory means of identity theft applied here requires proof only that the defendant used "a means of identification ... of another person ... with the intent to *1284 commit, or to aid or abet, any crime."[16] Presba was stopped for speeding while driving with a suspended license, offered Dashiell's name, social security number, former address and date of birth all in a temporarily successful effort to thwart the officer's attempt to ascertain her correct identity to enforce the traffic laws. The information Presba used constitutes a "means of identification" and the evidence supports an inference she did so to facilitate both the offense of RCW 9A.76.020, obstructing a police officer, and RCW 46.61.020, giving false information while in charge of a vehicle. The evidence was sufficient.
¶ 19 In each of her arguments, Presba repeats a continuing theme that the State's charging decision creates an absurd result that offends common sense and violates the spirit of the identity theft law. In support of this claim, Presba cites the general statement of intent found in RCW 9.35.001: "The Legislature intends to penalize unscrupulous people for improperly obtaining financial information." But Washington cases "do not permit reliance on a statement of legislative intent to override the unambiguous elements section of a penal statute or to add an element not found there."[17] The charging decision in this case neither created an absurd result nor offended common sense.
¶ 20 Presba further contends the Legislature would not have intended the identity theft statute to turn the actions of defendants attempting to avoid prosecution for misdemeanors into felonies merely because they used another person's identity. The statute, however, expressly carves out a narrow exception for "any person who obtains another person's driver's license or other form of identification for the sole purpose of misrepresenting his or her age."[18] This suggests that, apart from the specific situation described in the prior sentence, the Legislature did indeed mean for acts committed with intent to facilitate misdemeanors to now be treated as felonies when they satisfy the elements of identity theft even if such acts formerly would have been only misdemeanors.
¶ 21 Our Supreme court has recognized an "established principle of broad prosecutorial discretion" in determining what charges to bring when a defendant's acts violate more than one statute.[19] Presba has cited no authority that when, as here, there is no violation of the concurrent statute rule or equal protection and the evidence is sufficient, a conviction should be reversed merely because the accused disagrees with the prosecutor's charging decision.
¶ 22 At oral argument, Presba suggested scenarios involving slight culpability that might satisfy the State's reading of the statute. But we deal here only with the case before us, one which constituted a serious offense. Dashiell explained at a sentencing hearing that even after the many hours and multiple trips from Tacoma to Everett required to quash the arrest warrant and reinstate her driver's license, the consequences continued. She had to change her social security number, which in turn caused ongoing difficulties with her financial accounts and credit card files. And the Department of Licensing had flagged her driving record as having been used for fraudulent purposes, which meant she faced the prospect of additional *1285 problems any time her license was checked. These foreseeable consequences of Presba's acts were significant regardless of whether she had in mind only avoiding prosecution for a traffic offense rather than injuring Dashiell.
¶ 23 We affirm the conviction of identity theft. The balance of this opinion, in which we reverse and remand as to other rulings of the court that are before us, has no precedential value. Accordingly, pursuant to RCW 2.06.040, it shall not be published.
WE CONCUR: SCHINDLER and COLEMAN, JJ.
NOTES
[1] Presba does not renew this contention on appeal, contending rather that RCW 46.61.020 and RCW 9A.76.020 should have been charged as more specific crimes and, alternatively, that equal protection required the State to file criminal impersonation charges instead of identity theft. Neither party discusses whether these new arguments may be asserted for the first time on appeal under RAP 2.5(a), but we assume without deciding that the arguments are properly before us.
[2] State v. Shriner, 101 Wash.2d 576, 681 P.2d 237 (1984).
[3] Shriner, 101 Wash.2d at 580, 681 P.2d 237.
[4] Shriner, 101 Wash.2d at 579-80, 681 P.2d 237.
[5] State v. Berry, 129 Wash.App. 59, 68, 117 P.3d 1162 (2005).
[6] Shriner, 101 Wash.2d at 579-80, 681 P.2d 237.
[7] Shriner, 101 Wash.2d at 579-80, 681 P.2d 237.
[8] 15 Wash.App. 837, 840, 552 P.2d 202 (1976).
[9] 35 Wash.App. 799, 669 P.2d 1275 (1983).
[10] We note the State's alternative argument that is based on our supreme court's decision in Kennewick v. Fountain, 116 Wash.2d 189, 193, 802 P.2d 1371 (1991) and the United States Supreme Court decision in United States v. Batchelder, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) that the equal protection analysis contained in the cases on which Rentfrow and Farrington rely is no longer good law. See also State v. Ross, 152 Wash.2d 220, 238 n. 9, 95 P.3d 1225 (2004). Because of the result we reach in this case, it is unnecessary for us to address this constitutional argument.
[11] Criminal impersonation has since been reclassified as a felony.
[12] State v. Donald, 68 Wash.App. 543, 550, 844 P.2d 447 (1993).
[13] State v. Gentry, 125 Wash.2d 570, 597, 888 P.2d 1105, cert. denied, 516 U.S. 843, 116 S.Ct. 131, 133 L.Ed.2d 79 (1995).
[14] State v. Partin, 88 Wash.2d 899, 906-07, 567 P.2d 1136 (1977).
[15] State v. Delmarter, 94 Wash.2d 634, 638, 618 P.2d 99 (1980).
[16] Former RCW 9.35.020(1). See also RCW 9.35.005(5), defining "victim" for purposes of the identity theft statute as "a person whose means of identification or financial information" has been used with intent to commit "any unlawful activity." (emphasis added).
[17] State v. Alvarez, 74 Wash.App. 250, 258, 872 P.2d 1123 (1994), aff'd, 128 Wash.2d 1, 904 P.2d 754 (1995) (legislative statement of intent in RCW 9A.46.010 referring to a "pattern of harassment" does not modify the elements defining the crime of harassment in RCW 9A.46.020 so as to require repeated threats demonstrating a pattern of harassment when the elements require only a single act).
[18] Former RCW 9.35.020(5). Since the time of Presba's offense, that subsection, without a change in language, has been redesignated as RCW 9.35.020(6).
[19] Kennewick, 116 Wash.2d at 194, 802 P.2d 1371.