NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30238 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-06037-RHW-1 |
| v. | |
| JOSE LUIS RIOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Submitted May 3, 2011[**]
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Jose Luis Rios entered a conditional guilty plea to being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and to possessing a

controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

On appeal, he challenges the district court's denial of his motion to suppress evidence. We affirm.

A district court's denial of a defendant's motion to suppress is reviewed de novo. *United States v. Giberson*, 527 F.3d 882, 886 (9th Cir. 2008). A court's conclusions regarding the particularity and breadth of a search warrant are also reviewed de novo. *United States v. Brobst*, 558 F.3d 982, 991 (9th Cir. 2009). Factual findings supporting a suppression ruling are reviewed for clear error. *Giberson*, 527 F.3d at 886. "A magistrate judge's finding of probable cause is entitled to great deference and this court will not find a search warrant invalid if the magistrate judge had a 'substantial basis' for concluding that the supporting affidavit established probable cause." *United States v. Crews*, 502 F.3d 1130, 1135 (9th Cir. 2007) (internal quotations omitted). A court's determination of whether reasonable suspicion existed to justify an investigatory stop is reviewed de novo. *United States v. Johnson*, 581 F.3d 994, 998 (9th Cir. 2009).

The facts presented to the issuing judge established probable cause to believe that a search of Rios's home would uncover evidence that Rios had committed the crime of Identity Theft under Washington law, based on the underlying predicate crimes of Obstruction of Justice and/or Making a False Statement to a Public Servant. *See* Wash. Rev. Code §§ 9.35.020, 9A.76.020,

2

9A.76.175; *State v. Presba*, 126 P.3d 1280, 1284 (Wash. App. 2005). Rios argues that there was no probable cause to search his house and car because the officer's telephonic affidavit did not identify the specific crime(s) underlying the suspected offense of identity theft. However, there is no requirement that an affidavit or search warrant explicitly identify the suspected offense. *See United States v. Hill*, 55 F.3d 479, 481 (9th Cir. 1995); *United States v. Koyomejian*, 970 F.2d 536, 548 (9th Cir. 1992) (Kozinski, J., concurring).

The search warrants allowed the search and seizure of "records, identification paperwork, or anything in the identification - the name of Jose Rios - Jose Para Junior, or others." This phrase meets the requisite level of particularity because it enables the officers to determine what they may seize. *See United States v. SDI Future Health*, 568 F.3d 684, 702 (9th Cir. 2009). Even assuming that the "or others" language is overbroad, these words are a relatively insignificant portion of the warrant, and they may be severed from the rest of the warrant language without requiring the suppression of any evidence relevant to Rios's conviction. *See id* at 706-07; *United States v. Sears*, 411 F.3d 1124, 1129-31 (9th Cir. 2005).

Finally, Rios waived his challenge to the initial stop by not raising it in the district court and not preserving it for appeal in his guilty plea agreement. *See United States v. Bynum*, 362 F.3d 574, 583 (9th Cir. 2004). Even if we were to

3

consider Rios's challenge on the merits, we would find that the initial stop of Rios's car was supported by reasonable suspicion. By the time that Rios's car was pulled over, the officers had reason to believe that (a) Rios was wanted on two outstanding felony warrants; (b) Rios lived at the home at which the officers first saw the car; (c) Rios had connections to the business that issued the car's temporary license plate; and (d) the physical appearance of the car's driver matched Rios's description. This was enough to support reasonable suspicion to stop Rios's car. *See Johnson,* 581 F.3d at 999 (2009) ("Reasonable suspicion is formed by specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity.") (internal quotations omitted).

**AFFIRMED**.