# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48816-7-II |
| Respondent, | |
| v. | |
| SCOTT JESUS BARAJAS, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Scott Jesus Barajas appeals his convictions and sentence for felony violation of a no-contact order and second degree identity theft. Barajas argues that (1) his conviction for second degree identity theft violates the privileges and immunities clause of the Washington Constitution, (2) the trial court failed to suppress illegally obtained evidence, (3) the trial court erred in admitting his prior convictions for violation of a domestic violence no-contact order into evidence, (4) he received ineffective assistance of counsel, and (5) the trial court miscalculated his offender score. We affirm Barajas's convictions and sentence.

## FACTS

On November 9, 2015, Officer Brian Staab was on patrol and initiated a traffic stop for expired vehicle registration and failure to transfer title. Before Officer Staab approached the stopped vehicle, a male passenger exited and walked toward a nearby gas station. Officer Staab made contact with the driver of the stopped vehicle. Officer Staab then called dispatch to determine whether there were any warrants for the driver's arrest. Dispatch notified Officer Staab that the driver had several warrants for her arrest and was also the protected party in a

domestic violence no-contact order. The restrained party in the no-contact order was Scott Jesus Barajas.

Dispatch gave Officer Staab a physical description of Barajas, and Officer Staab determined that this description matched the male passenger who had earlier exited the stopped vehicle. Officer Staab then attempted to locate the male passenger. Officer Staab determined that the male passenger was in the nearby gas station's portable outdoor restroom.

The lock on the outdoor restroom showed that the restroom was unlocked and unoccupied. Officer Staab knocked on the door and opened it, locating the male passenger inside. Officer Staab asked for the male passenger's name, and the passenger stated that his name was "Michael Barajas" and provided a birth date. 1 Verbatim Report of Proceedings at 29. Officer Staab asked the male passenger to accompany him to his patrol vehicle. When he returned to his vehicle, Officer Staab accessed pictures of both Michael and Scott Jesus Barajas. Officer Staab determined that the male passenger was, in fact, Scott Jesus Barajas and placed Barajas under arrest for violation of a no-contact order.

The State charged Barajas with felony violation of a no-contact order[1] and second degree identity theft.[2] Prior to trial, Barajas filed a CrR 3.6 motion to suppress the evidence obtained after Officer Staab asked Barajas for identification, arguing that Officer Staab did not have a reasonable, articulable suspicion to request Barajas's identification. Barajas did not move to exclude evidence obtained as a result of his seizure from the portable outdoor restroom. The trial

[1] RCW 26.50.110, 10.99.020.

[2] RCW 9.35.020.

court entered findings of fact and conclusions of law and denied Barajas's CrR 3.6 motion, determining that Officer Staab had a reasonable, articulable suspicion that Barajas was engaged in criminal activity.

At trial, witnesses testified to the above facts. After the State rested its case, Barajas moved to dismiss his felony violation of a no-contact order charge because the State failed to present evidence that Barajas had two prior convictions for violating a domestic violence no-contact order. In response, the State moved to reopen its case. The trial court granted the State's motion and denied Barajas's motion to dismiss. The trial court then admitted a municipal court's judgment and sentence and a district court's court order as evidence of Barajas's prior convictions for violation of a no-contact order. Barajas did not object to the validity of his prior convictions.

The jury returned verdicts finding Barajas guilty of felony violation of a no-contact order and second degree identity theft. The trial court determined that Barajas's offender score was 10 points for his conviction for felony violation of a no-contact order, and it sentenced him to 60 total months of confinement. Barajas appeals.

ANALYSIS

I. THE STATE'S CHARGING DECISION

Barajas first argues that his conviction for second degree identity theft violates the privileges and immunities clause of article I, section 12 of the Washington Constitution because the State had unfettered discretion in charging him with a felony, instead of a misdemeanor, for the same act committed in like circumstances. Specifically, he argues that RCW 9.35.020,[3]

---

[3] RCW 9.35.020 prohibits identity theft.

under which he was convicted, is concurrent with RCW 9A.76.020[4] and RCW 9A.76.175,[5] which also could have been charged. We disagree.[6]

The Washington Constitution's privileges and immunities clause provides that "[n]o law shall be passed granting to any citizen . . . privileges or immunities which upon the same terms shall not equally belong to all citizens." WASH. CONST. art I, § 12. This constitutional right to equal protection requires that when two criminal statutes are concurrent, the State must charge a defendant only under the more specific statute. *See State v. Leech*, 114 Wn.2d 700, 711, 790 P.2d 160 (1990). Statutes are concurrent when a specific statute punishes the same conduct punished under a general statute. *State v. Presba*, 131 Wn. App. 47, 52, 126 P.3d 1280 (2005).

We review de novo whether two statutes are concurrent. *State v. Ou*, 156 Wn. App. 899, 902, 234 P.3d 1186 (2010). To determine whether two statutes are concurrent, we look at the elements of each and ask whether the general statute must be violated every time the specific statute has been violated; not whether both statutes are violated by a defendant's particular conduct. *Presba*, 131 Wn. App. at 52; *Ou*, 156 Wn. App. at 903. Consequently, statutes are concurrent if all of the elements required to convict the defendant under the general statute are

---

[4] RCW 9A.76.020 prohibits obstructing a law enforcement officer.

[5] RCW 9A.76.175 prohibits making a false or misleading statement to a public servant.

[6] Barajas argues that this court must undertake a *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808 (1986), analysis to determine whether article I, section 12 of the Washington Constitution provides greater protections than the Fourteenth Amendment of the United States Constitution in regard to the State's charging decisions. Because we analyze this issue under article I, section 12 and apply established principles of state constitutional jurisprudence, no *Gunwall* analysis is required. *State v. White*, 135 Wn.2d 761, 769, 958 P.2d 982 (1998).

also elements that must be proved to convict the defendant under the specific statute. *Ou*, 156 Wn. App. at 903.

When the crimes that the State has the discretion to charge require proof of different elements, the statutes defining those crimes are not concurrent and there is no equal protection violation. *See Leech*, 114 Wn.2d at 711. "When the crimes have different elements, the prosecutor's discretion is not arbitrary but is constrained by which elements can be proved under the circumstances." *State v. Armstrong*, 143 Wn. App. 333, 338, 178 P.3d 1048 (2008).

RCW 9.35.020 prohibits identity theft. RCW 9.35.020(1) provides: "No person may knowingly obtain, possess, use, or transfer a means of identification or financial information of another person, living or dead, with the intent to commit, or to aid or abet, any crime." "Means of identification" is defined as "information or an item that is not describing finances or credit but is personal to or identifiable with an individual or other person." RCW 9.35.005(3). Means of identification can include the name, birth date, or social security number of another individual. RCW 9.35.005(3).

RCW 9A.76.020(1) provides that a person is guilty of obstructing a law enforcement officer "if the person willfully hinders, delays, or obstructs any law enforcement officer in the discharge of his or her official powers or duties." RCW 9A.76.175 prohibits knowingly making a false or misleading statement to a public servant. A "material statement" is "a written or oral statement reasonably likely to be relied upon by a public servant in the discharge of his or her official powers or duties." RCW 9A.76.175.

Barajas argues that because the statute prohibiting identity theft is concurrent to the statutes prohibiting obstruction of a law enforcement officer and making a false or misleading

statement to a public servant, his conviction under the specific identity theft statute violates equal protection. However, the statutes require proof of different elements and, therefore, are not concurrent.

The issue of whether the obstruction statute and the identity theft statute are concurrent was decided in *Presba*. 131 Wn. App. at 53-54. There, the court held that the statute defining obstruction of a law enforcement officer is not concurrent with the statute defining identity theft because the identity theft statute requires an additional element of intent to either commit a crime or aid and abet a crime. *Presba*, 131 Wn. App. at 53-54. *Presba*'s logic likewise supports the conclusion that the statute defining making a false or misleading statement to a public servant is not concurrent with the statute defining identity theft because the statute defining identity theft requires an additional element of intent to either commit a crime or aid and abet a crime.

As a result, the elements required to convict a defendant of identity theft are not also elements that must be proved to convict a defendant of either obstruction of a law enforcement officer or making a false or misleading statement to a public servant. Because these crimes require proof of different elements, identity theft is not concurrent to either obstruction of a law enforcement officer or making a false or misleading statement to a public servant. Accordingly, the State's decision to charge Barajas under the identity theft statute was not improper, and Barajas's conviction for second degree identity theft does not violate the privileges and immunities clause of the Washington Constitution.

## II. SUPPRESSION OF EVIDENCE

Barajas also argues that the trial court erred in failing to suppress illegally obtained evidence because (a) Officer Staab did not have an independent basis for requesting Barajas's

identification and (b) Barajas was illegally seized from a portable outdoor restroom. We hold that the trial court did not err in denying Barajas's motion to suppress evidence because the arresting officer had an independent basis for requesting Barajas's identification, and we do not review whether Barajas was illegally seized.

A. *Independent Basis*

Barajas first argues that the trial court erred in denying his CrR 3.6 motion to suppress evidence because the arresting officer did not have an independent basis to request Barajas's identification. We disagree.

We review a trial court's denial of a motion to suppress to determine whether substantial evidence supports the challenged findings of fact. *State v. Garvin*, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009). If so, we must determine whether these findings support the trial court's conclusions of law. *Garvin*, 166 Wn.2d at 249. "Evidence is substantial when it is enough 'to persuade a fair-minded person of the truth of the stated premise.'" *Garvin*, 166 Wn.2d at 249 (quoting *State v. Reid*, 98 Wn. App. 152, 156, 988 P.2d 1038 (1999)). Where, as here, the defendant does not challenge any of the trial court's findings of fact, we consider them verities on appeal. *State v. Gaines*, 154 Wn.2d 711, 716, 116 P.3d 993 (2005). We review conclusions of law de novo. *Garvin*, 166 Wn.2d at 249.

Article I, section 7 of the Washington Constitution protects individuals from unlawful searches and seizures.[7] Accordingly, article I, section 7 prohibits a law enforcement officer from requesting identification from the passenger of an automobile for investigatory purposes unless

---

[7] Article I, section 7 provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." WASH. CONST. art I, § 7.

there is an independent basis that justifies the request. *State v. Rankin*, 151 Wn.2d 689, 699, 92 P.3d 202 (2004). An "independent basis" is an "articulable suspicion of criminal activity." *Rankin*, 151 Wn.2d at 699. An officer has an independent basis for requesting a passenger's identification when he can identify specific and articulable facts that, taken together with rational inferences from those facts, reasonably warrant the intrusion. *State v. Bliss*, 153 Wn. App. 197, 204, 222 P.3d 107 (2009). Evidence obtained in violation of article I, section 7 must be suppressed. *See Rankin*, 151 Wn.2d at 699-700.

Here, Officer Staab initiated a traffic stop, and Barajas exited the passenger side of the stopped vehicle. Officer Staab later determined that the driver of the stopped vehicle was a protected party in a domestic violence no-contact order. Officer Staab received a description of the party restrained by the no-contact order and determined that Barajas fit that description. As a result, Officer Staab suspected that Barajas had violated a no-contact order. Officer Staab then located Barajas and asked for his name.

After the CrR 3.6 hearing, the trial court found that the description of the restrained party from the no-contact order closely matched Officer Staab's observations of Barajas as he exited the stopped vehicle. The trial court also found that Officer Staab suspected that Barajas was engaged in criminal activity when he contacted Barajas after the traffic stop. The trial court concluded that based on Officer Staab's observations and the information included in the no-contact order, "Officer Staab had a reasonable, articulable suspicion to ask [Barajas] for his name." Clerk's Papers (CP) at 52. Accordingly, the trial court denied Barajas's CrR 3.6 motion.

We hold that the trial court's unchallenged findings of fact establish that Officer Staab had an articulable suspicion that justified his request for Barajas's identification. Barajas was a

passenger in a vehicle driven by the protected party in a no-contact order. Barajas closely matched the description of the restrained party in the no-contact order. Because Officer Staab had an independent basis for requesting Barajas's identification, and his request for identification did not violate article 1, section 7. Accordingly, the trial court did not err in denying Barajas's motion to suppress evidence obtained after Officer Staab's request for identification.

B.      *Reasonable Expectation of Privacy*

Barajas argues in passing that the trial court erred by failing to suppress illegally obtained evidence because he was illegally seized from a portable outdoor restroom, where he had a reasonable expectation of privacy. We do not review this claim of error.

A defendant may raise a claim of error for the first time on appeal if it is a manifest error affecting a constitutional right. RAP 2.5(a)(3); *State v. Kirkman*, 159 Wn.2d 918, 926, 155 P.3d 125 (2007). A defendant's failure to move to suppress evidence in the trial court on the same basis as raised on appeal constitutes a waiver of the right to have it excluded. *State v. Garbaccio*, 151 Wn. App. 716, 731, 214 P.3d 168 (2009); *see also State v. Lee*, 162 Wn. App. 852, 857, 259 P.3d 294 (2011). Because Barajas failed to move to suppress evidence on the basis that his seizure from the portable outdoor restroom was illegal,[8] he did not preserve the

---

[8] Although Barajas moved to suppress evidence obtained as a result of Officer Staab's alleged unconstitutional request for Barajas's identification, Barajas did not move to suppress or object to the admission of evidence obtained as a result of the alleged unconstitutional seizure of Barajas from the portable outdoor restroom. We do not generalize specific objections such that the existence of a pretrial motion to suppress evidence seized preserves any claim of error with respect to that evidence. *See State v. Price*, 126 Wn. App. 617, 637, 109 P.3d 27 (2005). Moreover, because Barajas failed to challenge the scope of this seizure, the trial court did not create a record sufficient for our review. RAP 2.5(a)(3); *State v. Louthan*, 158 Wn. App. 732, 745, 242 P.3d 954 (2010).

issue for our review. *Lee*, 162 Wn. App. at 857. Accordingly, we do not address Barajas's claim

for the first time on appeal.

### III. PRIOR NO-CONTACT ORDERS

Barajas also argues that the trial court erred in admitting his prior convictions for

violation of a domestic violence no-contact order into evidence because (a) the State did not

prove the constitutional validity of his prior convictions for violation of a no-contact order and

(b) the State did not prove that he violated a court order under chapter 10.99 RCW. We do not

review these issues.

Generally, we will not consider an evidentiary error raised for the first time on appeal.

RAP 2.5(a); *Kirkman*, 159 Wn.2d at 926. A defendant may, however, raise an objection not

properly preserved at trial if it is a manifest constitutional error. RAP 2.5(a)(3); *Kirkman*, 159

Wn.2d at 926. To demonstrate manifest constitutional error, the defendant must show actual

prejudice by identifying a constitutional error and showing that the alleged error actually affected

his rights at trial. *Kirkman*, 159 Wn.2d at 926-27. If we determine that the claim raises a

manifest constitutional error, it may be subject to harmless error review. *Kirkman*, 159 Wn.2d at

927.

To determine whether the defendant claims a manifest constitutional error, we preview

the merits of the defendant's claim to see if it would succeed. *State v. Kirwin*, 165 Wn.2d 818,

823, 203 P.3d 1044 (2009). We review a trial court's ruling on the admissibility of evidence for

an abuse of discretion. *State v. Darden*, 145 Wn.2d 612, 619, 41 P.3d 1189 (2002). A trial court

abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds

or reasons. *Darden*, 145 Wn.2d at 619. A trial court also abuses its discretion if its ruling is

10

based on an erroneous view of the law. *State v. Quismundo*, 164 Wn.2d 499, 504, 192 P.3d 342 (2008).

A.      *Constitutional Validity*

Barajas argues that the trial court erred in admitting his prior convictions for violation of a no-contact order into evidence because the State did not prove the constitutional validity of his prior convictions. We do not review this claim of error.

The trial court admitted a municipal court's judgment and sentence, as well as a district court's court order, as evidence of Barajas's two prior convictions for violation of a domestic violence no-contact order. Barajas did not object to the constitutional validity of his prior convictions.

A challenge to the constitutional validity of a prior conviction used to establish the elements of a present offense is not a manifest constitutional error that a defendant may raise for the first time on appeal. *State v. Smith*, 104 Wn.2d 497, 500-01, 707 P.2d 1306 (1985). Because Barajas failed to challenge the constitutional validity of his two prior convictions for violation of a domestic violence no-contact order at trial, he failed to adequately raise and preserve the issue for our review.[9] Accordingly, we do not consider this issue.

---

[9] Despite Barajas's contention, the defendant, and not the State, has the initial burden of providing "a colorable, fact-specific argument supporting the claim of constitutional error in the prior conviction." *State v. Summers*, 120 Wn.2d 801, 812, 846 P.2d 490 (1993). Once the defendant meets this burden, the State must prove beyond a reasonable doubt that the defendant's guilty plea was made voluntarily. *State v. Swindell*, 93 Wn.2d 192, 197, 607 P.2d 852 (1980).

B.    *Violation of a Qualifying No-Contact Order*

Barajas also argues that the trial court erred in admitting one of his prior convictions for violation of a domestic violence no-contact order because the judgment and sentence does not cite the statute that was violated. We do not review this claim of error.

RCW 26.50.110(5) provides:

> A violation of a court order issued under [chapter 26.50] . . . is a class C felony if the offender has at least two previous convictions for violating the provisions of an order issued under [chapter 26.50], chapter 7.90, 9A.40, 9A.46, 9A.88, 9.94A, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW.

Prior convictions for violation of a no-contact order are relevant only to prove a felony violation of a no-contact order under RCW 26.50.110(5). *State v. Gray*, 134 Wn. App. 547, 556, 138 P.3d 1123 (2006). "Because the statutory authority for the previously-violated [no-contact orders] dictates whether they are admissible, it is a question of law for the court in its gatekeeping capacity." *Gray*, 134 Wn. App. at 549-50.

The trial court admitted a municipal court's judgment and sentence and a district court's court order as evidence of Barajas's two prior convictions for violation of a domestic violence no-contact order. The district court's court order does not state which statute Barajas violated when he was convicted of violating a no-contact order. Instead, the court order states that Barajas violated a domestic violence no-contact order. Barajas did not object to the admission of the order.

Although the district court's court order did not specify the exact statutory basis for the underlying no-contact order, the trial court did not abuse its discretion in admitting the order. The order clearly states that Barajas was convicted of violation of a domestic violence no-contact order. Because Barajas was convicted of violating a domestic violence no-contact order, he

12

necessarily violated one of the specific statutes listed in RCW 26.50.110(5). *See* chapter 26.50 RCW, chapter 10.99 RCW. As a result, Barajas was convicted under a qualifying statute, and the trial court did not abuse its discretion in admitting the district court's court order. Consequently, Barajas fails to raise a manifest constitutional error, and we do not review this claim.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Barajas also argues that he received ineffective assistance of counsel because his trial counsel (a) prematurely moved to dismiss his felony violation of a no-contact order charge and (b) failed to challenge the constitutional validity of his prior convictions for violation of a domestic violence no-contact order. We hold that Barajas fails to establish that his trial counsel was deficient for prematurely moving to dismiss his felony violation of a no-contact order charge and that the record is insufficient to review Barajas's contention that trial counsel was ineffective for failing to challenge the constitutional validity of his prior convictions.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee a criminal defendant the right to effective assistance of counsel. *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011). We review ineffective assistance of counsel claims de novo. *State v. Binh Thach*, 126 Wn. App. 297, 319, 106 P.3d 782 (2005).

To establish ineffective assistance of counsel, a defendant must establish both that his trial counsel's performance was deficient and that the deficiency prejudiced him. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). "Deficient performance is performance falling 'below an objective standard of reasonableness based on consideration of all the

13

circumstances.'" *Kyllo*, 166 Wn.2d at 862 (quoting *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995)). Prejudice is a reasonable probability that, but for trial counsel's deficient performance, the outcome of the proceedings would have been different. *Kyllo*, 166 Wn.2d at 862. If a defendant fails to establish either deficient performance or prejudice, our inquiry ends. *Kyllo*, 166 Wn.2d at 862.

A.    *Motion To Dismiss*

Barajas argues that his trial counsel was ineffective because she prematurely moved to dismiss his felony violation of a no-contact order charge. We disagree.

In reviewing ineffective assistance of counsel claims, we presume that trial counsel's performance was reasonable. *Kyllo*, 166 Wn.2d at 862. When evaluating counsel's performance, we must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Grier*, 171 Wn.2d at 34. Trial counsel's performance is not deficient if her conduct can be characterized as legitimate trial strategy. *Kyllo*, 166 Wn.2d at 863. The failure of reasonable trial strategy is insufficient to establish an ineffective assistance of counsel claim. *See State v. Renfro*, 96 Wn.2d 902, 909, 639 P.2d 737 (1982).

When the State rested its case at trial, it had failed to present evidence that Barajas had two prior convictions for violating a domestic violence no-contact order. After the State rested, Barajas moved to dismiss his felony violation of a no-contact order charge. The State moved to reopen its case in chief, and the trial court granted the State's motion, admitting Barajas's two prior convictions for violation of a no-contact order into evidence.

14

Barajas argues that, to be effective, his trial counsel was required to wait until closing argument to discuss the State's failure to present evidence regarding the felony violation of a no-contact order charge. However, trial counsel's conduct in moving to dismiss the felony violation of a no-contact order charge after the State rested its case was a reasonable and legitimate trial strategy.[10] Trial counsel moved to dismiss Barajas's felony violation of a no-contact order charge because the State failed to present any evidence to prove the charge. That trial counsel's strategy was ultimately unsuccessful does not render her performance deficient. *See Renfro*, 96 Wn.2d at 909. Further, trial counsel would not have known that the trial court would exercise its discretion to grant the State's motion, and we must eliminate the distorting effects of hindsight. *Grier*, 171 Wn.2d at 34. Because trial counsel's conduct can be characterized as reasonable, legitimate trial strategy, Barajas fails to show that her performance was deficient. Thus, Barajas's ineffective assistance of counsel claim fails.

B.      *Validity of Prior Convictions*

Barajas also argues that his trial counsel was ineffective for failing to challenge the "constitutional validity" of his prior convictions for violation of a no-contact order. Br. of Appellant at 23-24. It is unclear from Barajas's argument, but it appears that Barajas contends that his prior convictions for violation of a domestic violence no-contact order were involuntary. The record is insufficient for our review of Barajas's claim.

---

[10] Moreover, "[t]he failure to seek dismissal of the charges, where a motion to dismiss would probably be granted, constitutes ineffective assistance of counsel." *State v. Johnston*, 143 Wn. App. 1, 18, 177 P.3d 1127 (2007).

We do not review claims that rely on facts outside the record on direct appeal. *See McFarland*, 127 Wn.2d at 338. "The burden is on a defendant alleging ineffective assistance of counsel to show deficient representation based on the record established in the proceedings below." *McFarland*, 127 Wn.2d at 335.

At trial, the State admitted a municipal court's judgment and sentence and a district court's court order as evidence of Barajas's two prior convictions for violation of a no-contact order. Barajas did not object to the constitutional validity of his prior convictions.

Barajas fails to point to evidence that establishes that his prior convictions for violation of a no-contact order were involuntary or that evidence available to trial counsel showed that his prior convictions were constitutionally invalid. The record on appeal does not include a transcript of his prior guilty pleas, and it does not contain any affidavits suggesting that the pleas were involuntary. Accordingly, the record is insufficient to review Barajas's ineffective assistance of counsel claim.[11]

## V. Calculation of Offender Score

Lastly, Barajas argues that the trial court miscalculated his offender score because one of his convictions for violation of a domestic violence no-contact order had not been "pled and prove[n]." Br. of Appellant at 24. Barajas's argument fails.

---

[11] "If a defendant wishes to raise issues on appeal that require evidence or facts not in the existing trial record, the appropriate means of doing so is through a personal restraint petition." *McFarland*, 127 Wn.2d at 335.

We review de novo a sentencing court's offender score calculation. *State v. Moeurn*, 170 Wn.2d 169, 172, 240 P.3d 1158 (2010). Former RCW 9.94A.525(21)(c) (2013) provides that if a present conviction is for a felony domestic violence offense "where domestic violence . . . was pleaded and proven," a sentencing court is to "[c]ount one point for each adult prior conviction for a repetitive domestic violence offense as defined in RCW 9.94A.030."

The trial court admitted a municipal court's judgment and sentence as evidence of one of Barajas's prior convictions for violation of a domestic violence no-contact order. The municipal court's judgment and sentence states that "[t]he defendant pled guilty, or pled not guilty and the verdict of the jury was guilty, or the finding of the court was guilty of" violation of a no-contact order under RCW 26.50.110. Ex. 5, at 1. The judgment and sentence also states that the violation was committed against a family or household member.

Barajas argues that the trial court erred in counting his municipal court violation of a domestic violence no-contact order as one point toward his offender score because the municipal court's judgment and sentence does not show that domestic violence was pled and proven. Barajas's argument fails. The municipal court's judgment and sentence clearly states that the violation of a no-contact order was against a family or household member. Moreover, the municipal court's judgment and sentence provides that "[t]he defendant pled guilty, or pled not guilty and the verdict of the jury was guilty, or the finding of the court was guilty." Ex. 5, at 1. As a result, domestic violence was pled and proven, and the trial court did not miscalculate Barajas's offender score by counting the municipal court violation as one point toward his offender score.

We affirm Barajas's convictions and sentence.

17

No. 48816-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Bjorgen, C.J.

_____
Maxa, J.